UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ANGEL REDUCINDO,

                    Plaintiff,

vs.                          Case No.   2:05-cv-451-FtM-33SPC

ALBERTO GONZALES; MICHAEL CHERTOFF,

                    Defendants.
_____

**ORDER**

This matter comes before the Court on Petitioner's Complaint for Mandamus (Doc. #1), filed on September 23, 2005.  On March 3, 2006, Respondents filed their Federal Defendants' Opposition to Petition for Writ of Mandamus. (Doc. # 12.)  At the Court's request, Respondents filed a Response (Doc. # 15) that clarified some of the arguments contained in their previous memorandum in opposition.

Reducindo is a twenty-four old native and citizen of Mexico. He is the beneficiary of an approved Petition for Alien Relative (Form I-130) with a priority date of February 3, 1994.  Seven years later, on February 16, 2001, Reducindo filed an Application to Register Permanent Resident or Adjust Status (Form I-485).  He was interviewed on February 27, 2002, while he was still twenty and his priority date was current.  At the conclusion of the interview, Officer Debra Scott requested additional documentation.  Reducindo prepared and mailed the additional documentation on April 16, 2002.

On July 17, 2002, while his application was still pending, he turned twenty-one.

Reducindo states that "[h]ad legacy INS acted with any sense of due diligence Petitioner's application for adjustment would have been approved and he would have been accorded lawful permanent resident status prior to his 21st birthday."  (Doc. # 1, p. 3.) Reducindo argues that under the Child Status Protection Act of 2002, the age of a child beneficiary is fixed on the date an immigrant visa number becomes available and is frozen during the pendency of his application for adjustment of status.  (Doc. # 1, p. 3.)  Thus, Reducindo requests that this Court compel Respondents to adjudicate his application.

CSPA states that an individual eligible for permanent residence as a derivative beneficiary under Section 203(d) of the Act, who is over twenty-one years of age may have his status adjusted to that of a lawful permanent resident provided that: (1) he was a "child"[1] on the date upon which the immigration visa became available for his parents; (2) he applied for adjustment of status within one year of availability; and (3) he "aged out" while waiting on his application to be adjudicated.   Section 203(h)(1)(A)-(B).

---

[1]   A "child" under the Act is "an unmarried person under twenty-one years of age..."  8 U.S.C. 101(b)(1).

Respondents oppose Reducindo's petition for writ of mandamus and disagree that CSPA applies to him.  They contend that Reducindo is not eligible for permanent residence as a derivative beneficiary because he did not apply for adjustment of status within one year of availability; rather, he waited seven years to apply.  Thus, Respondents state that Reducindo is not currently eligible to adjust his status and his application is being held in abeyance until his new priority date, February 3, 1994, becomes current.

In light of the fact that Reducindo did not apply for adjustment of status within one year of availability, the Court finds that CSPA does not apply to him.  Thus, his Complaint for Mandamus is due to be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED**

Plaintiff's Complaint for Mandamus (Doc. # 1) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 5th day of May, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record